UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

JACQUELINE THOMAS-ATEBA,

          Plaintiff,

    -against-

SAMHSA OF THE UNITED STATES GOVERNMENT;
NEW YORK STATE OASAS/OFFICE OF
ALCOHOLISM, SUBSTANCE ABUSE SERVICES; and
INTERNATIONAL CERTIFICATION, RECIPROCITY
CONSORTIUM/ICRC,

          Defendants.

------------------------------------------------------------------- X

13-CV-4662 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Plaintiff Jacqueline Thomas-Ateba, proceeding pro se, brings this action against defendants Substance Abuse and Mental Health Services, a sub-agency of the United States Department of Health and Human Services ("HHS-SAMHSA"); the New York State Office of Alcohol and Substance Abuse Services ("OASAS"); and the International Certification Reciprocity Consortium ("ICRC"). Plaintiff asserts claims under 42 U.S.C. § 1985, the Thirteenth Amendment, and the Fourteenth Amendment. She seeks an order granting her a professional credential as an alcoholism and substance abuse counselor as well as damages. The three defendants have each brought a motion to dismiss. For the reasons set forth below, defendants' motions are granted, and plaintiff's complaint is dismissed with prejudice.

## BACKGROUND

The following facts are drawn from plaintiff's complaint, from documents attached as exhibits to the complaint, and from regulations cited in the complaint.

1

Defendant OASAS is a New York State agency that, among other responsibilities, issues credentials to professionals who provide alcoholism and substance abuse counseling. The agency's regulations set forth the procedure for obtaining certification as a Credentialed Alcoholism and Substance Abuse Counselor ("CASAC"). An applicant who has completed at least 350 hours of education and training can receive certification as a CASAC trainee. 14 N.Y.C.R.R. § 853.6(b). A CASAC trainee must then satisfy additional requirements in order to receive CASAC certification. At issue here are two of those certification requirements: an applicant must complete at least 6,000 hours of supervised work experience in an approved setting, 14 N.Y.C.R.R. § 853.5(h), and pass an examination, 14 N.Y.C.R.R. § 853.14(a).

Plaintiff fulfilled the education and training requirement and received CASAC trainee certification on April 17, 2006. Compl., Dkt. #1, at ECF 30, 33. In 2011, OASAS granted plaintiff a three-year extension of her trainee certification, valid through March 21, 2014. Id. at ECF 31-32. Plaintiff's trainee certification cannot be further extended, nor can plaintiff apply a second time for trainee certification. 14 N.Y.C.R.R. §§ 853.6(d)-(e). In June 2011, plaintiff took the Alcohol and Drug Counselor Examination administered by defendant ICRC, a professional testing company. Compl. at ECF 22. In a letter dated July 8, 2011, OASAS informed plaintiff that she had passed the examination but still needed to complete 6,000 hours of work experience and submit "the appropriate evaluations of competency and ethical conduct" in order to receive CASAC certification. Id. at ECF 21.

On September 1, 2011, plaintiff filed a "Request for Waiver From OASAS Regulations" seeking an exemption from the work experience requirement. Id. at ECF 3, 18-20. Plaintiff asserted that she was having difficulty finding employment or internship placements due to a weak job market. Id. at ECF 19. Plaintiff also sent a letter to OASAS complaining of the

2

difficulty she was having in satisfying the work requirement and copied defendant HHS-SAMHSA on the letter. Id. at ECF 3, 15-17.[1] On February 3, 2012, the OASAS Waiver Review Committee sent plaintiff a letter denying her waiver request. Id. at ECF 4-5. The committee told plaintiff that she still needed 4,422 hours of work experience and had "plenty of time" to accrue these hours before her trainee certification expired. Id. at ECF 5.

While awaiting a response to her waiver request, plaintiff also filed an Article 78 proceeding against OASAS in New York Supreme Court, Queens County. Id. at ECF 4, 23. After OASAS denied plaintiff's waiver request, the state court dismissed plaintiff's case. Decl. of Adam Sansolo, Dkt. #25, Ex. 2, at ECF 7. In an order dated May 29, 2012, the court found that plaintiff had failed to state a claim that the agency's denial of the waiver request was "arbitrary and capricious, an abuse of discretion, or lacks a rational basis in the law or the record." Id. The court also held that it lacked mandamus power to compel the agency to issue the CASAC certificate because the power to grant a waiver request "is in the sole discretion of the [OASAS] Commissioner." Id.

Plaintiff now brings this complaint alleging that defendants violated her federal and constitutional rights. In essence, plaintiff asserts that she was misled by a change in OASAS regulations. Prior to 2010, applicants could not take the CASAC examination until they had first completed all of the other certification requirements, so the examination was "traditionally the last step in the State's process" for certification. Compl. at ECF 5. In 2010, OASAS amended its regulations to allow applicants to take the examination before completing the work experience requirement. Id. at ECF 7. Plaintiff asserts that this change in the regulations led her to believe that she would receive CASAC certification once she took and passed the examination. Id. at

---

[1] Defendant HHS-SAMHSA asserts that it has no record of receiving plaintiff's letter. Decl. of Dennis O. Romero, Dkt. #26, Ex. 2, ¶¶ 7-8. In light of the disposition of plaintiff's claims, it is not necessary to resolve this issue.

3

ECF 5, 7. Plaintiff brings a claim under 42 U.S.C. § 1985, alleging that defendants have conspired to violate her civil rights by requiring her to go through a "dead-end" certification process and fraudulently inducing her to take an examination "that yields absolutely NOTHING when passed." Id. at ECF 6, 12. She also alleges that the work experience requirement violates the Thirteenth Amendment prohibition on slavery and involuntary servitude. Id. at ECF 7. Plaintiff also appears to claim that defendants violated her procedural due process rights under the Fourteenth Amendment. She asserts that defendants are withholding her property, since she paid to take the examination and is entitled to a license. Id. at ECF 6.[2] Plaintiff seeks CASAC certification and $755,511 in damages. Id. at ECF 12-13.

All three defendants have brought motions to dismiss. Defendant HHS-SAMHSA brings its motion pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that the court lacks subject matter jurisdiction over plaintiff's claims against the federal agency, and in the alternative under Rule 12(b)(6). Defendants OASAS and ICRC bring their motions pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## DISCUSSION

### I. HHS-SAMHSA's Motion to Dismiss for Lack of Subject Matter Jurisdiction

#### A. Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v.

---

[2] Plaintiff's complaint also attempts to raise claims under two other provisions. Plaintiff asserts a "public information request" under 5 U.S.C. § 552(a), seeking to examine the OASAS file relating to her CASAC application. Compl. at ECF 8. But OASAS, a New York state agency, is not subject to the federal Freedom of Information Act. To the extent that plaintiff seeks to assert a claim under the New York State Freedom of Information Law, the court declines to exercise supplemental jurisdiction over the state law claim. Plaintiff also asserts that defendants "may be in violation" of 20 C.F.R. § 662. Id. at ECF 10. This provision refers to Department of Labor regulations concerning workforce training programs and has no bearing on CASAC certification.

4

United States, 201 F.3d 110, 113 (2d Cir. 2000). As the party seeking to invoke the jurisdiction of the court, plaintiff bears the burden of demonstrating that subject matter jurisdiction is proper based on a preponderance of the evidence. Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). In resolving a motion to dismiss pursuant to Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint but will not draw inferences favorable to the party asserting jurisdiction. J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004); Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). The court may consider affidavits and other materials beyond the pleadings but cannot "rely on conclusory or hearsay statements contained in the affidavits." J.S. ex rel. N.S., 386 F.3d at 110; see also Robinson v. Gov't of Malaysia, 269 F.3d 133, 140-41 & n.6 (2d Cir. 2001).

### B. Sovereign Immunity

Defendant HHS-SAMHSA argues that the court lacks subject matter jurisdiction over plaintiff's claims against it because the federal government has not waived its sovereign immunity. It is well settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980); Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005). Therefore, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit," and the court lacks subject matter jurisdiction over the claim. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity must be "unequivocally expressed in statutory text, and cannot simply be implied." Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004) (internal quotation marks omitted).

The government has not waived its sovereign immunity for any of the claims asserted in this case. Plaintiff alleges a conspiracy to violate her civil rights under 42 U.S.C. § 1985, but the

government has not waived its sovereign immunity for claims under this statute. Jones v. Nat'l Commc'n & Surveillance Networks, 409 F. Supp. 2d 456, 466 (S.D.N.Y. 2006) (dismissing § 1985 claim on sovereign immunity grounds); accord Harrison v. Potter, 323 F. Supp. 2d 593, 604 (S.D.N.Y. 2004). Sovereign immunity also bars plaintiff's Thirteenth and Fourteenth Amendment claims. See Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994) ("[T]he United States has not waived its sovereign immunity with respect to claims that its employees have committed constitutional torts."); Torres v. United States, No. 07-CV-1390 (NGG)(LB), 2008 WL 2157124, at *4 (E.D.N.Y. May 20, 2008) (dismissing Thirteenth and Fourteenth Amendment claims against federal agencies on sovereign immunity grounds).

A plaintiff can pursue constitutional tort claims against federal officials in their personal capacities pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, plaintiff has not sought to bring suit against any HHS-SAMHSA officials, nor could she assert a viable claim. To bring a Bivens action against a federal official, "a plaintiff must allege that the individual defendant was personally involved in the constitutional violation." Thomas v. Ashcroft, 470 F.3d 491, 497 (2d Cir. 2006). HHS-SAMHSA has no oversight role over substance abuse counselor certification in New York State and played no role in any decision regarding plaintiff's CASAC certification status or waiver request. Decl. of Dennis O. Romero, Dkt. #26, Ex. 2, ¶¶ 5-6. Therefore, plaintiff could not assert a plausible claim that any HHS-SAMHSA official had personal involvement in the constitutional violations that she alleges in this case.[3]

---

[3] Nor can plaintiff assert a claim for injunctive relief against HHS-SAMHSA. Under the Administrative Procedure Act, a party "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" can bring suit for "relief other than monetary damages." 5 U.S.C. § 702. This provision waives sovereign immunity for certain suits against federal agencies seeking declaratory and injunctive relief rather than monetary damages. Ward v. Brown, 22 F.3d 516, 520 (2d Cir. 1994). Yet a plaintiff asserting such a claim must meet all of the requirements of Article III standing. Nat'l Council of La Raza v. Gonzales, 468 F. Supp. 2d 429, 437 (E.D.N.Y. 2007). Plaintiff has no standing to seek injunctive relief against

Accordingly, plaintiff's claims against HHS-SAMHSA are barred by sovereign immunity, and the court grants HHS-SAMHSA's motion to dismiss for lack of subject matter jurisdiction.[4] It is therefore unnecessary to address HHS-SAMHSA's other asserted ground for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. OASAS and ICRC's Motions to Dismiss for Failure to State a Claim

### A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Twombly, 550 U.S. at 555-56; Freedom Holdings, Inc. v. Spitzer, 363 F.3d 149, 151 (2d Cir. 2004). Courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, it is well settled that pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to construe a plaintiff's pro se complaint liberally and to interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008).

---

HHS-SAMHSA, because the agency has no authority to grant plaintiff the injunctive relief that she seeks, namely, the awarding of a New York State CASAC certificate. Therefore, there is no likelihood that "the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

[4] The court notes that sovereign immunity could also apply to defendant OASAS. The Eleventh Amendment grants states and their agencies immunity from suits brought by private parties in federal court, unless Congress has abrogated the state's immunity or the state has waived its immunity. In re Charter Oak Assoc., 361 F.3d 760, 765 (2d Cir. 2004). However, the court declines to consider this issue because OASAS did not raise it. See Woods v. Roundout Valley Central Sch. Dist. Bd. of Educ., 466 F.3d 232, 238 (2d Cir. 2006) (noting that Eleventh Amendment sovereign immunity may be analogized "to an affirmative defense, which a party may invoke or not as it wishes."). In any event, it is not necessary to consider the issue in light of the disposition of plaintiff's claims.

7

### B. Plaintiff's Section 1985 Conspiracy Claim

Plaintiff alleges that the defendants conspired to deprive plaintiff of her civil rights. To state a cause of action under 42 U.S.C. § 1985(3), "a plaintiff must allege (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999).

Here, plaintiff's complaint cannot plausibly allege that the defendants entered into a conspiracy. To demonstrate the existence of a conspiracy, a plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." Webb v. Goord, 340 F.3d 105, 110 (2d Cir. 2003) (quoting Romer v. Morgenthau, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000)). Plaintiff appears to argue that defendants OASAS and ICRC are together responsible for the CASAC certification process and that defendant HHS-SAMHSA failed to intervene. Compl. at ECF 6. But plaintiff has not alleged that defendants entered into any type of agreement to deny her CASAC certification— nor could she, because the record establishes that OASAS is the only defendant with authority to grant or deny certification. The bare allegation of a conspiracy, without any factual support, is insufficient to survive a motion to dismiss. See Webb, 340 F.3d at 111 (dismissing § 1985 complaint where "plaintiffs have not alleged, except in the most conclusory fashion, that any such meeting of the minds occurred among any or all of the defendants); Sajimi v. City of N.Y., No. 07-CV-3252 (ENV)(MDG), 2011 WL 135004, at *7 (E.D.N.Y. Jan. 13, 2011) (dismissing § 1985 complaint where "the record . . . is absolutely barren of any evidence regarding the existence of a conspiracy").

Moreover, to establish a § 1985 claim, a plaintiff must allege that the conspiracy was motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus." Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1088 (2d Cir. 1993) (quoting United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 829 (1983)). Plaintiff has not asserted that she is a member of a protected class, let alone provided any basis from which to infer discriminatory animus on the part of defendants. Plaintiff accuses defendants of exhibiting "raw prejudice," Compl. at ECF 9, and refers to practices that take advantage of people based on their race, Pl.'s Opp'n to SAMHSA Mot. to Dismiss, Dkt. #26, Ex. 4, at ECF 10. These generalized assertions cannot amount to a showing of discriminatory animus. See Amid v. Vill. of Old Brookville, No. CV 11-3800, 2013 WL 527772, at *5 (E.D.N.Y. Feb. 7, 2013) (dismissing Section 1985 claim where, other than plaintiff's reference to her ethnicity and religion, "there is no evidence of any discriminatory action by Defendant").

Finally, plaintiff can only assert a § 1985 claim if she establishes an underlying violation of her civil rights pursuant to 42 U.S.C. § 1983. Amid, 2013 WL 527772, at *5 ("[I]n the absence of a valid claim stated pursuant to Section 1983, there can be no claim pursuant to Section 1985."); accord O'Bradovich v. Vill. of Tuckahoe, 325 F. Supp. 2d 413, 426 (S.D.N.Y. 2004). Plaintiff's complaint asserts violations of her rights under the Thirteenth and Fourteenth Amendments. For the reasons stated below, plaintiff cannot make out a viable claim under either of these constitutional provisions. Therefore, plaintiff has not established an underlying deprivation of her federal or constitutional rights, and her § 1985 conspiracy claim must be dismissed.

### C. Plaintiff's Thirteenth Amendment Claim

Plaintiff asserts that the defendants' actions violated her Thirteenth Amendment rights.

The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude . . . shall exist within the United States." U.S. Const. amend. XIII. The term "involuntary servitude" refers to "a condition of servitude in which the victim is forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process." McGarry v. Pallito, 687 F.3d 505, 511 (2d Cir. 2012) (quoting United States v. Kozminski, 487 U.S. 931, 952 (1988)).

Plaintiff's allegations are plainly insufficient to state a Thirteenth Amendment claim. New York State regulations require plaintiff to perform supervised work in order to receive a CASAC certificate, but plaintiff does not face any threat of physical injury or legal coercion if she chooses not to perform this work. The Thirteenth Amendment does not bar labor that an individual "may, at least in some sense, choose not to perform." Immediato v. Rye Neck Sch. Dist., 73 F.3d 454, 459 (2d Cir. 1996). The work requirement at issue in this case cannot amount to "involuntary servitude" within the meaning of the Thirteenth Amendment. See Immediato, 73 F.3d at 460 (finding that high school's mandatory community service program does not constitute involuntary servitude because it "is not, on the whole, compulsory labor which in practical operation produces undesirable results analogous to slavery") (internal quotation marks omitted); Spiteri v. Russo, No. 12-CV-2780 (MKB)(RLM), 2013 WL 4806960, at *44 n. 51 (E.D.N.Y. Sept. 7, 2013) (dismissing Thirteenth Amendment claim where plaintiff admitted that he voluntarily agreed to travel to work for the defendants and was not coerced through physical or legal threats); Bishop v. Best Buy Co., Inc., No. 08 Civ. 8427(LBS), 2010 WL 4159566, at *11 (S.D.N.Y. Oct. 13, 2010) (dismissing Thirteenth Amendment claim where plaintiff did not allege that he was subject to compulsory labor).

### D. Plaintiff's Fourteenth Amendment Due Process Claim

Plaintiff's complaint also appears to assert a claim for denial of procedural due process under the Fourteenth Amendment. To analyze a procedural due process claim, the court must first consider whether plaintiff possessed a protected liberty or property interest, and, if so, determine what process plaintiff was due before she could be deprived of that interest. Adams v. Suozzi, 517 F.3d 124, 127 (2d Cir. 2008). The due process clause itself does not create protected property interests, so those interests must derive from an independent source such as state law. See McMenemy v. City of Rochester, 241 F.3d 279, 286 (2d Cir. 2001). In order to have a protected property interest in a benefit, a person must "have a legitimate claim of entitlement to it." Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). A mere "abstract need or desire" for the benefit or a "unilateral expectation of it" are not sufficient. Id.

In this case, New York law does not grant plaintiff a protected property interest in a CASAC certificate. According to plaintiff's own account, she has not completed the work experience requirement. Compl. at ECF 4. Plaintiff mistakenly believed that she would be entitled to a certificate once she passed the examination, but this "unilateral expectation" based on an erroneous interpretation of the regulations cannot create a protected property interest. Roth, 408 U.S. at 577. Plaintiff has no legitimate claim of entitlement to a state certification for which she concededly has not met the requirements. See Glover v. Troy, No. 01-CV-00659SR, 2004 WL 1570279, at *3 (W.D.N.Y. May 17, 2004) (no legitimate claim of entitlement to physical therapy license); Caruso v. City of N.Y., No. 98-CV-6788 (JG), 1999 WL 408616, at *8 (E.D.N.Y. June 14, 1999) (no legitimate claim of entitlement to Special Patrolman designation); Percesepe v. N.Y. State Dep't of Labor, No. 94-CV-3005(JG), 1996 WL 1057165, at *4 (E.D.N.Y. Dec. 12, 1996), aff'd, 125 F.3d 844 (2d Cir. 1997) (no legitimate claim of entitlement

to crane operator license where plaintiff failed practical examination); Conrad v. Cnty. of Onondaga Examining Bd. for Plumbers, 758 F. Supp. 824, 827 (N.D.N.Y. 1991) (no legitimate claim of entitlement to master plumber's license where plaintiff had not passed examination).[5]

Nor can plaintiff assert that OASAS's denial of her waiver request deprived her of a protected property interest. OASAS can grant a waiver of a regulatory requirement if it imposes "an unreasonable hardship" and if a waiver would serve "the best interests of patients/residents and the service" without compromising health and safety. 14 N.Y.C.R.R. § 800.3(a). Since these regulations grant the agency broad discretion to determine whether a waiver is appropriate, plaintiff has no legitimate claim of entitlement to a waiver of the work experience requirement. See Town of Castle Rock v. Gonzales, 545 U.S. 748, 756 (2005) ("Our cases recognize that a benefit is not a protected entitlement if government officials may grant or deny it in their discretion."); Mordukhaev v. Daus, 457 F. App'x 16, 19-20 (2d Cir. 2012) (no legitimate claim of entitlement to a taxicab license where the licensing commission "retains significant discretion to deny a license based on subjective criteria"); McMenemy, 241 F.3d at 286 (supervisor's promise to promote city employee did not create property interest in promotion because "the City's broad discretion in matters of promotion, granted by statute, prevent that promise from ripening into an entitlement").

Since plaintiff does not have a constitutionally protected property interest in the CASAC

---

[5] I note that there are some situations where a plaintiff could have a protected property interest in a professional credential. The Supreme Court has recognized that a license previously issued by a governmental entity cannot be revoked without due process. Bell v. Burson, 402 U.S. 535, 539 (1971). Here, since plaintiff never qualified for certification in the first place, there is no issue regarding revocation. In addition, plaintiff might have had a procedural due process claim if she had been denied the chance to take the CASAC examination. See Charry v. Hall, 709 F.2d 139, 144 (2d Cir. 1983) (holding that applicant who satisfied statutory prerequisites had protected property interest in the right to sit for examination for state psychology licensure). Here, though, plaintiff took and passed the examination but failed to satisfy another certification requirement. Charry makes clear that a plaintiff has no entitlement to a license for which she does not qualify. Id. (noting that the right to take a licensing examination does not create an entitlement to the license itself, because an applicant who fails the examination "will not have any property interest entitled to due process protection").

certificate, I need not decide whether the procedures governing OASAS's denial of her certificate satisfied due process. However, I note that plaintiff availed herself of an Article 78 proceeding in state court to challenge the agency's decision. Courts in this Circuit have held that an Article 78 proceeding provides the necessary post-deprivation process to satisfy the Fourteenth Amendment. See McMenemy, 241 F.3d at 289 ("[T]he availability of an Article 78 proceeding under New York law provided [plaintiff] with an adequate post-deprivation remedy such that no procedural due process violation occurred, even if [plaintiff] possessed a cognizable property interest."); Montalbano v. Port Auth. of N.Y. & N.J., 843 F. Supp. 2d 473, 485 (S.D.N.Y. 2012) ("It is settled law in this Circuit that an Article 78 proceeding provides the requisite post-deprivation process.") (internal quotation marks and alteration omitted).[6]

### E. Leave to Replead

The court is mindful that plaintiff is proceeding pro se and must consider whether she should be given an opportunity to replead her claims. "A court generally should not dismiss a pro se complaint 'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Vansertima v. Dep't of Corr., No. 10 CV 3214(RJD)(RER), 2012 WL 4503412, at *7 (E.D.N.Y. Sept. 28, 2012) (quoting Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002)). However, leave to amend need not be given where it is clear that amendment would be futile. E.g., Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011); Xiang Li v. Morrisville State Coll., 434 F. App'x 34, 35 (2d Cir. 2011). Amendment would be futile if, even when better pleaded, the claim would not survive a motion to dismiss. Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002); see also Cuoco v.

---

[6] Therefore, it is unnecessary to address defendant OASAS's argument that collateral estoppel bars plaintiff from relitigating the agency's denial of her waiver request because this issue was already addressed in the Article 78 proceeding. It is also unnecessary to address defendant ICRC's argument that it cannot be subject to a Fourteenth Amendment claim because it is not a state actor.

Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Here, it is clear that amendment would be futile. Plaintiff's claims against defendant HHS-SAMHSA are barred by sovereign immunity. Plaintiff cannot assert a claim against defendants OASAS and ICRC, because she cannot establish an underlying violation of her federal or constitutional rights to support a 42 U.S.C. § 1985 conspiracy claim. Accordingly, the court will not grant leave to replead.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are granted. Plaintiff's claims against defendant HHS-SAMHSA are dismissed with prejudice because the court lacks subject matter jurisdiction. Plaintiff's claims against defendants OASAS and ICRC are dismissed with prejudice for failure to state a claim upon which relief can be granted. To the extent that plaintiff seeks to assert any state law claims, the court declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). The complaint is dismissed in its entirety with prejudice, and the Clerk of Court is directed to close the case.

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith; therefore, in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated: April 10, 2014
Brooklyn, New York

**SERVICE LIST:**

<u>Plaintiff</u>
Jacqueline Thomas-Ateba
113-15 34th Avenue, Apt. #2H
Corona, NY 11368-1411